**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRIST OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES PFENDER<br>665 Avenue F<br>Langhorne, PA 19047 | : | CIVIL ACTION |
| vs. | : | NO. |
| I-SOLUTIONS DIRECT, INC.<br>1300 Virginia Drive, Suite 320<br>Fort Washington, PA 19034 | : | JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

**I.** 1. This is an action brought by a former W-2 employee to recover unpaid sales commissions legally categorized as wages, statutory liquidated damages, and reasonable attorney's fees resulting from Defendant's breach of contract and wholesale violations of the Pennsylvania Wage Payment and Collection Law (WPCL).

## II. PARTIES

2. Plaintiff, James Pfender, is an individual and an adult natural person who is, and at all times relevant to this action was, a resident and citizen of the Commonwealth of Pennsylvania, residing at 665 Avenue F, Langhorne, PA 19047.

3. Defendant, I-Solutions Direct, Inc. is a corporation organized, existing, and registered under the laws of the State of Delaware.

4. At the time Plaintiff's claims arose, Defendant maintained its principal place of business at 1300 Virginia Drive, Fort Washington, PA 19034. However, prior to the commencement of this action, Defendant laid off all of its employees and completely ceased its independent business operations at the Fort Washington facility.

5. Upon information and belief, any residual administrative wind-down tasks and passive financial assets belonging to Defendant are being entirely managed and collected by a

related corporation, Metals USA Plates and Shapes, Inc., from an independent facility located at 50 Cabot Boulevard East, Langhorne, PA 19047.

6. Under controlling precedent of the United States Court of Appeals for the Third Circuit (Midlantic National Bank v. Hansen, 48 F.3d 693, 1995), an inactive corporation that has ceased its own business operations possesses no principal place of business for the purpose of establishing diversity jurisdiction. Because Defendant conducts no ongoing business activities and lacks any independent operational "nerve center", Defendant is a corporate citizen solely of its state of incorporation, the State of Delaware.

## III. JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is an action between citizens of different States.

8. Complete diversity of citizenship exists because Plaintiff is a citizen of Pennsylvania and Defendant is a corporate citizen of Delaware.

9. The amount in controversy comfortably exceeds the statutory threshold. Plaintiff seeks damages for unpaid earned commissions legally defined a wages totaling approximately $500,000.00, exclusive of statutory liquidated damages, interest, and mandatory attorney's fees available under Pennsylvania law.

10. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367(a) because the state-law breach of contract and statutory Pennsylvania Wage Payment and Collection Law (WPCL) claims arise out of the identical employment relationship and form part of the same case or controversy.

11. Venue is proper in the United States Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims – specifically the performance of Plaintiff's sales labor, the execution of the employment agreement, and the subsequent unlawful withholding of commissions-occurred within Montgomery County, Pennsylvania, which sits within this judicial district.

## IV. FACTUAL ALLEGATIONS

12. On January 28, 2016, the Plaintiff became employed by the Defendant as a Marketing Manager reporting to his direct supervisor, Vice President John Jaczko. Plaintiff's prime job description was to develop new business for the employer, namely new customers that utilize the company's services.

13. Sometime in 2019, the Defendant maintained a policy practice and custom of paying incentive compensation in the form of regular monthly bonus payments continuously based upon the Plaintiff acquiring new customers for the Defendant. These bonus payments were for ongoing sales of new customers generated with the company by Plaintiff. (See Exhibit A attached).

14. On or about the beginning of 2019, the Defendant, through its agents, explicitly promised Plaintiff that if Plaintiff acquired new customers for the Defendant, the Plaintiff would receive, on a continuous basis, One (1%) Percent of the sales generated and would receive it at the end of each month on a continuous basis without limit or qualifications.

15. Each month the Plaintiff received a detailed spreadsheet of the customers he had acquired and would receive a bonus payment of One (1%) Percent of the sales which was a consistent course of dealing with and performance under this written schedule. Specifically, Defendant had previously calculated and paid Plaintiff bonuses under this identical framework each month. (See, for example, Exhibit B attached).

16. Relying upon these explicit promises and the regular course of dealing, Plaintiff performed all duties and exceeded the required metric to earn the bonus and based upon the metrics in Exhibit A, the parties established a payment history of bonus payments each month for years.

17. Specifically, the Plaintiff generated new sales revenue over the course of his employment with the Defendant in the amount above Fifty ($50,000,000.00) Million Dollars in revenue under purchase orders issued by his employer. (See Exhibit C attached).

18. Plaintiff was repeatedly advised he would receive his bonuses and remained continuously employed by Defendant during the bonus periods fully satisfying all structural conditions precedent to receive this compensation but was terminated on or about July 21, 2026 without compensation for his new customers which are still accruing and ongoing.

19. Specifically, Plaintiff remains uncompensated for purchase orders;

P.O. – 0011692

P.O. – 0012682-1

P.O. – 0013650-1

P.O. – 0014542-1

P.O. – 0015176-1

P.O. – 0015590-1

P.O. – 0015680-1

P.O. – 0015691-1

These figures represent only what Defendant paid its vendor G&G Steel before it billed its ultimate customer adding additional profit but failing to pay Plaintiff. (See Exhibit C attached).

20. Despite Plaintiff fulfilling his obligations under the agreement, the Defendant has failed to pay Plaintiff his earned bonus commissions totaling approximately Five Hundred ($500,000.00) Thousand Dollars over the last four (4) years.

## V. CAUSES OF ACTION

### COUNT I - BREACH OF CONTRACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as if fully set forth herein.

22. Defendant's written bonus schedule (Exhibit A) constitutes a valid enforceable contract. Plaintiff continually fully performed under the contract and Defendant breached the express terms by failing to calculate and distribute the bonus according to the schedule's defined formula.

23. Pursuant to Exhibit A, the bonus structure was non-discretionary and bound Defendant to pay a mandatory amount if Plaintiff reached specific objective targets namely $1,000.00 bonus paid after first $50,000.00 in sales for new customers, thereafter an additional bonus paid of $1,000.00 for each additional $100,000.00 in sales for new customers.

24. The bonus schedule contains no language reserving any discretion to Defendant to alter withheld or cancel the bonus once the performance milestones were achieved.

25. Plaintiff has fully performed all his obligations under the contract and is entitled to ongoing and continuous payments pursuant to the schedule in Exhibit A.

26. Defendant has and continues to breach the contract by failing to pay Plaintiff the earned bonuses of compensation for both past and future sales of new customers the Plaintiff brought to the company.

27. As a direct and proximate result of the Defendant's breach, Plaintiff has suffered past financial damages and ongoing basis to be determined.

## COUNT II - BREACH OF IMPLIED CONTRACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

29. In the alternative, to the extent that Exhibit A is deemed to lack any technical requirements of an express contract, the combination of the written and continuance monthly payment of bonuses pursuant to the schedule in Exhibit A, corporate emails sustaining the payments and the regular history of prior bonus payments creates a binding implied-in-fact contract.

30. The parties' mutual conduct and unbroken history of performance manifested an unequivocal intent to be bound by the non-discretionary terms of the bonus structure.

31. Plaintiff reasonably relied on the implied contract and remained employed throughout the period and performed the services expecting the mandatory compensation.

32. Defendant breached the implied-in-fact contract by retaining Plaintiff's complete services while failing to pay the corresponding earned bonus compensation.

## COUNT III - UNJUST ENRICHMENT/QUANTUM MERUIT

33. Plaintiff repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

34. In the alternative, if no contract is found to govern the bonus, Plaintiff is entitled to equitable restitution.

35. Plaintiff conferred a massive economic benefit upon Defendant by hitting all performance targets which directly increased the Defendant's revenue and business value.

36. Defendant knowingly accepted and retained the fruits of Plaintiff's labor fully aware that the services were rendered with the clear written expectation of a non-discretionary financial reward.

37. It would be inequitable and unjust to allow Defendant to enrich itself by pocketing the profits of Plaintiff's completed performance without paying the fair, agreed upon value of those services.

**COUNT IV - VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTIONS LAW (WPCL)**

38. Plaintiff repeats and realleges paragraphs 1 through 37 as if fully set forth herein.

39. At all times relevant, Defendant was an employer and Plaintiff was an employee within the meaning of Section 260.2a of the WPCL (43 P.S. §260.2a).

40. Pursuant to the WPCL, the term explicitly included fringe benefits and wage supplements including non-discretionary bonuses and incentive compensation. (See 43 P.S. §260.2a).

41. Because Plaintiff satisfied all objective performance metrics outlined in Exhibit A and remained continuously employed through the completion of the bonus periods, the earned bonus amount constitutes fully earned vested and non-forfeitable wages due and owing to Plaintiff.

42. Under Section 260.5 of the WPCL, Defendant was required to pay these earned wages within the standard timeframe. (See 43 P.S. §260.5).

43. Defendant separated Plaintiff from employment on July 21, 2026 but has failed and refused to pay all past earned bonus, in direct violation of the WPCL.

44. Defendant's withholding of Plaintiff's earned bonus wages is arbitrary, unreasonable and not the result of any good-faith, bona fide dispute.

45. As a direct result of Defendant's statutory violations, Defendant is liable to Plaintiff for the full amount of the unpaid bonus, mandatory statutory liquidated damages and reasonable attorney fees and costs pursuant to 43 P.S. §260.9a.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in Plaintiff's favor and against Defendant, I-Solutions Direct, Inc. and award the following relief;

(A) Compensatory Damages: Awarding the full amount of the unpaid earned bonus at least Five Hundred ($500,000.00) Thousand Dollars under Count I, Count II, Count III or Count IV;

(B) WPCL Liquidated Damages. Awarding statutory liquidated damages in an amount equal to Twenty-Five (25%) Percent of the unpaid bonus payment pursuant to 43 P.S. §260.10;

(C) Attorney Fees. Ordering Defendant to pay reasonable attorney fees and cost of litigation incurred in this action pursuant to 43 P.S. §260.9a(f);

(D) Interest. Awarding pre-judgment and post-judgment interest;

(E) Equitable Relief. Awarding restitution or quantum meruit damages under Count III in the alternative; and

(F) Grant such relief including an accounting of all past and ongoing and future sales eligible for Plaintiff to receive his bonus and other relief this Court deems just, proper and equitable.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues and counts so triable as a matter of right.

Respectfully submitted.

DATE: 11-5-26

THOMAS P. PFENDER, ESQUIRE PA ID #56038
Attorney for Plaintiff, James Pfender
3143 Knights Road, Bensalem, PA 19020
215-245-7190/Tom@Pfenderlaw.com